# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:  §
        §
HAAK, DANIEL M  § Case No. 10-50380
HAAK, CYNTHIA  §
        §
        §
        Debtor(s)  §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Peter N. Metrou, Trustee_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 10-50380 | BWB | Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|
| Case Name: | HAAK, DANIEL M | | | Date Filed (f) or Converted (c): | 11/11/10 (f) |
| | HAAK, CYNTHIA | | | 341(a) Meeting Date: | 12/09/10 |
| For Period Ending: 03/04/13 | | | | Claims Bar Date: | 07/08/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Commercial Property 1839 Laramie, Peoria, IL. | 20,000.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2. Single Family Home 2174 Clementi Ln, Aurora, IL. | 300,000.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 3. Cash | 50.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 4. Chase Bank Checking Account | 40.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 5. Checking Account | 75.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 6. National City Bank | 15.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 7. Furniture, Home Entertainment Center | 1,500.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 8. Necessary Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 9. Omni Payphones Services LTD | 4,000.00 | 830.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 10. Tax Refunds | 20,000.00 | 20,000.00 | | 26,285.90 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 11. 2003 HONDA ODYSSEY | 5,255.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 12. 2005 Honda Accord | 6,095.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.70 | Unknown |

Case 10-50380   Doc 59   Filed 03/04/13   Entered 03/04/13 10:35:21   Desc Main
Document      Page 4 of 9

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

Case No:   10-50380   BWB   Judge: BRUCE W. BLACK  
Case Name:   HAAK, DANIEL M  
HAAK, CYNTHIA  

Trustee Name:   Peter N. Metrou, Trustee  
Date Filed (f) or Converted (c):   11/11/10 (f)  
341(a) Meeting Date:   12/09/10  
Claims Bar Date:   07/08/11  

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $358,030.00 | $20,830.00 | | $26,286.60 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TFR filed w UST 2-11-13

Initial Projected Date of Final Report (TFR): 04/07/12      Current Projected Date of Final Report (TFR): 12/15/12

**FORM 2**

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: | 10-50380 -BWB | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: | HAAK, DANIEL M | Bank Name: The Bank of New York Mellon |
| | HAAK, CYNTHIA | Account Number / CD #: *******5065  Money Market Account |
| Taxpayer ID No: | *******8436 | |
| For Period Ending: | 03/04/13 | Blanket Bond (per case limit): $ 60,894,000.00 |
| | | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/21/11 | 10 | United States Treasury | Deposit Adj. | 1124-000 | 0.91 | | 0.91 |
| | | San Francisco, CA | | | | | |
| 09/21/11 | 10 | United States Treasury | Amended Tax Return refund for 2003. | 1124-000 | 2,782.90 | | 2,783.81 |
| | | San Francisco, CA | DEPOSIT CHECK #54980266 | | | | |
| 09/21/11 | 10 | United States Treasury | Amended Tax Return refund for 2004. | 1124-000 | 18,340.00 | | 21,123.81 |
| | | San Francisco, CA | DEPOSIT CHECK #54980265 | | | | |
| 09/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.05 | | 21,123.86 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 21,098.86 |
| 10/31/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.17 | | 21,099.03 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 41.91 | 21,057.12 |
| 11/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.17 | | 21,057.29 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 46.15 | 21,011.14 |
| 12/30/11 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.17 | | 21,011.31 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 43.17 | 20,968.14 |
| 01/27/12 | INT | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 20,968.28 |
| 01/27/12 | | Transfer to Acct #*******4000 | Bank Funds Transfer | 9999-000 | | 20,968.28 | 0.00 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 21,124.51 | 21,124.51 | 0.00 |
| Less: Bank Transfers/CD's | | 0.00 | 20,968.28 | |
| Subtotal | | 21,124.51 | 156.23 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 21,124.51 | 156.23 | |

Page Subtotals       21,124.51       21,124.51

FORM 2

Page: 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 10-50380 -BWB |
| Case Name: | HAAK, DANIEL M |
| | HAAK, CYNTHIA |
| Taxpayer ID No: | *******8436 |
| For Period Ending: | 03/04/13 |

| | |
|---|---|
| Trustee Name: | Peter N. Metrou, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******4000  Checking Account |
| Blanket Bond (per case limit): | $ 60,894,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/27/12 | | Transfer from Acct #*******5065 | Bank Funds Transfer | 9999-000 | 20,968.28 | | 20,968.28 |
| 02/17/12 | 10 | Judy Baar Topinka | | 1124-000 | 2,184.32 | | 23,152.60 |
| | | Treasurer of State of Illinois | | | | | |
| 02/27/12 | 10 | Judy Baar Topinka, Comptroller | | 1124-000 | 2,977.77 | | 26,130.37 |
| | | State of Illinois | | | | | |
| 07/30/12 | 001001 | Marnell Financial Services, Ltd. | Court Order 7-20-2012 | 7100-000 | | 4,255.60 | 21,874.77 |
| | | 27575 Ferry Road | Accountant fees for amended returns. | | | | |
| | | Warrenville, IL 60555 | | | | | |
| 09/24/12 | | Judy Baar Topinka, Comptroller | | 1124-000 | 820.98 | | 22,695.75 |
| | | State of Illinois | | | | | |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 26,951.35 | 4,255.60 | 22,695.75 |
| Less:  Bank Transfers/CD's | 20,968.28 | 0.00 | |
| Subtotal | 5,983.07 | 4,255.60 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 5,983.07 | 4,255.60 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account - ********5065 | 21,124.51 | 156.23 | 0.00 |
| Checking Account - ********4000 | 5,983.07 | 4,255.60 | 22,695.75 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 27,107.58 | 4,411.83 | 22,695.75 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   26,951.35   4,255.60

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-50380
Case Name: HAAK, DANIEL M
              HAAK, CYNTHIA
Trustee Name: Peter N. Metrou, Trustee

Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |
| Accountant for Trustee Fees: Marnell Financial Services, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____
Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be    percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000003 | Michael J. Lakota DDS | $ | $ | $ |
| 000004 | Scott Anderson | $ | $ | $ |
| 000005 | Chase Bank USA, N.A. | $ | $ | $ |
| 000006 | Chase Bank USA, N.A. | $ | $ | $ |
| 000007 | Capital One,N.A | $ | $ | $ |
| 000008 | Shaobin Sun | $ | $ | $ |
| 000009 | Scott D. Roth | $ | $ | $ |
| 000010 | Jeff Krall | $ | $ | $ |
| 000011 | American Express Centurion Bank | $ | $ | $ |
| 000012 | American Express Bank, FSB | $ | $ | $ |
| 000013 | Michael Marincic | $ | $ | $ |
| 000014 | American Express Centurion Bank | $ | $ | $ |
| 000015 | Capital Recovery IV LLC | $ | $ | $ |
| 000016 | GE Money Bank | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000017 | FIA Card Services, NA/Bank of America | $ | $ | $ |
| 000018 | The Farmers and Mechanics Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE